IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISAAC RAY VAUGHN, JR., | ) |
| | ) |
| Plaintiff | ) |
| | ) Case No. 1:18-cv-00116 (ERIE) |
| | ) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| ALBION PRISON, C.O. BOYD, | ) UNITED STATES MAGISTRATE JUDGE |
| C.O. WOODS, C.O. CAMRON, | ) |
| C.O. MCINTOSH, C.O. W. | ) |
| CHRISTOPHER, C.O. ARNOLD, | ) MEMORANDUM OPINION |
| MR. LANCE, MS. NORTIN, | ) ON DEFENDANTS' MOTION |
| MS. HERMAN, MS. SNOW, MS. | ) FOR SUMMARY JUDGMENT |
| RICHARDS, SUPERINTENDENT | ) |
| MICHAEL CLARK, C.O. MAKENEY, | ) ECF NO. 43 |
| C.O. SEVERO, | ) |
| | ) |
| Defendants | ) |

In this pro se civil rights action, Plaintiff Isaac Ray Vaughn (Vaughn) asserts claims against various individuals employed by the Pennsylvania Department of Corrections arising out of an alleged assault upon him by guards at the State Correctional Institution at Albion (SCI-Albion). The Defendants have filed a motion for summary judgment. For the reasons discussed below, the Court will grant Defendants' motion.

I.  Procedural History

Vaughn is an inmate presently incarcerated at SCI-Albion. He filed his Complaint, pro se, on May 25, 2018, naming SCI-Albion as the sole defendant. ECF No. 6. SCI-Albion filed a motion for a more definite statement. *See* ECF No. 14, p. 1-3; ECF No. 16. The Court granted the motion and instructed Vaughn to file an Amended Complaint. ECF No. 20. On November 13, 2018, Vaughn filed an Amended Complaint. ECF No. 21. In addition to SCI-Albion, he named the following individuals as defendants: Arnold, Boyd, Camron, W. Christopher, Superintendent Michael Clark, Ms. Heim, Lance, Makeney, Mcintosh, Nortin, Richards, Severo, Snow, and Woods.

1

*Id.* at 1-3. Defendants filed an Answer on March 29, 2019. ECF No. 36. Then, on August 1, 2019, they filed a Motion for Summary Judgment. ECF No. 43. Vaughn filed a Response in Opposition on December 3, 2019. ECF No. 54. Contrary to our Local Rules, however, he did not file a Responsive Concise Statement. *See* Local Rule 56(C)(1).

II. Applicable Legal Standards

Two important legal standards guide the Court's disposition of the Defendants' motion.

A. Summary Judgment

Federal Rule of Civil Procedure 56(a) requires the court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Anderson*, 477 U.S. at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether a genuine issue of material fact remains for trial, the court must view the record and all reasonable inferences to be drawn therefrom in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. Instead, once the movant satisfies its burden of identifying evidence that

demonstrates the absence of a genuine issue of material fact, the nonmoving party must to go beyond his pleadings with affidavits, depositions, answers to interrogatories or other record evidence to demonstrate specific material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Further, under Rule 56, a defendant may seek summary judgment by pointing to the absence of a genuine fact issue on one or more essential claim elements. The Rule mandates summary judgment if the plaintiff then fails to make a sufficient showing on each of those elements. When Rule 56 shifts the burden of production to the nonmoving party, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. *See Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992).

B.    Pro Se Summary Judgment Filings

The summary judgment standard, as recounted above, "is somewhat relaxed with respect to pro se litigants. Where a party is representing himself pro se, the complaint is to be construed liberally. A pro se plaintiff may not however, rely solely on his complaint to defeat a summary judgment motion." *Miller v. McClure, et al.,* 2020 WL 1049750, *6 (W.D. Pa. Mar. 4, 2020) (citing *Anderson*, 477 U.S. at 256 ("Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.")). Allegations made without any evidentiary support may be disregarded. *Jones v. UPS*, 214 F.3d 402, 407 (3d Cir. 2000); *see also Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990) ("[U]nsupported allegations … and pleadings are insufficient to repel summary judgment."). With these standards in mind, the Court will address each of Vaughn's claims.

3

III. The Amended Complaint

Vaughn's hand-written Amended Complaint speaks generally of an alleged campaign by SCI-Albion personnel to harass and verbally assault him so that Vaughn would commit suicide. *See, e.g.,* ECF No. 21, p. 2. The Amended Complaint specifically focuses on incidents occurring on two dates. First, on January 14, 2018, Vaughn alleges that

> I went out … during block out on the unit to turn the t.v. down outside my cell. Officer Woods was making sounds … and started watching me. I look at him and he told me to go in my cell. I said its block out. He walked in my face and said you going to die for not hitting me. At this time, Officer Christopher walk up and said is there a problem. Woods said he won't go in his cell. I said it's block out. Officer Christopher pulled out his pepper spray and tryed (sic) to spray me in the face but I ran in the cell and shut the door.

ECF No. 21, pp. 2-3. Vaughn further alleges that an extraction team was called to his cell, prison personnel sprayed him with pepper spray, otherwise known as "OC spray," and he was shackled and placed in a restraint chair. *Id.* at p. 3. Based on these events, Vaughn brings a claim of excessive force in violation of the Eighth Amendment. *Id.*

The Amended Complaint alleges an additional claim of excessive force based on events that occurred on February 7, 2018:

> I was in my cell and Officer Arnold come to my cell and told me to cuff up. I asked what for but he wouldn't tell me. So I refuse the time
>
> * * *
>
> Some unknown guards [returned] with some candy bars saying I can have them if I cuff up. I refuse they left around 3:50, and some unknown guards and Ms. Snow came to my cell with a lot of candy, saying I could have the candy if I cuff up.

*Id.* Vaughn alleges that after further back and forth with the guards, he was beaten, shackled, and again placed in a restraint chair. *Id.* The Amended Complaint further alleges that Vaughn was taken to a nurse who "put some chemical on a piece of paper and put it to my nose. I started to black out from inhale (sic) the chemical and [was] taken out of the restraint chair and slammed on a bed with

4

no mattress and shackled." *Id.* The guards "ripped off my clothes." *Id.* Vaughn claims he was drugged for two weeks. *Id.* These allegations form the basis of his second Eighth Amendment claim of excessive force. *Id.*

Vaughn alleges physical injuries from the actions and seeks monetary damages from the Defendants.

IV.    Discussion and Analysis

The Defendants have moved for summary judgment on a variety of grounds. The Court will discuss each ground for relief separately.

    A.    Defendant SCI-Albion and Eleventh Amendment Immunity

Vaughn has sued SCI-Albion where he is presently confined. ECF No. 21, p. 1. The Defendants argue that the prison is immune from this lawsuit under the Eleventh Amendment to the Constitution.[1] Under the Eleventh Amendment, a federal court is prohibited from hearing a suit against a state unless the state has consented to such a suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). The Amendment also bars suits "against a state agency or department." *Kish v. Verniero*, 212 B.R. 808, 814 (D.N.J. 1997). This is because a "subdivision of the state itself is also not a 'person' if it is merely an alter ego or 'arm' of the state." *Longoria v. State of N.J.*, 168 F. Supp. 2d 308, 315 (citing *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 658-59 (3d Cir.), cert. denied, 493 U.S. 850 (1995)).

SCI-Albion is a part of the Pennsylvania Department of Corrections, which shares the Commonwealth of Pennsylvania's Eleventh Amendment immunity. *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (finding that the Pennsylvania Department of Corrections "shares in the Commonwealth's Eleventh Amendment immunity"). Therefore, Vaughn's claims against SCI-

---

[1] The Third Circuit has noted that the proper means for raising a federal court subject matter jurisdiction bar under the Eleventh Amendment is Rule 12(b)(1). *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996).

5

Albion are barred by the Eleventh Amendment, and summary judgment will be entered in favor of SCI-.

      B.      Lack of Personal Involvement: Defendant Superintendent Clark

Next, the Defendants argue that Defendant Clark is entitled to summary judgment because he lacked personal involvement in any of the claims Vaughn has brought. The Court agrees. To maintain a claim pursuant to 42 U.S.C. § 1983, each individual defendant "'must have personal involvement in the alleged wrongdoing.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207. In this instance, Defendant Clark contends that summary judgment is appropriate because Vaughn has failed to establish that Clark was personally involved in the complained of violations of his Eighth and Fourteenth Amendment rights.

Aside from the caption of his Amended Complaint, Brown ascribes no allegation of wrongdoing to Defendant Clark. *See, generally*, ECF No. 21. During a deposition, counsel for the Defendants probed Brown's inclusion of Clark in this lawsuit:

> Counsel: All right. And the last is defendant Clark.
>
> Vaughn: I basically put him down because I feel he had negligence to all the stuff going on because they got an intercom right there and then he said shit about me over the intercom. And they had walkie-talkies on their hip and they were saying stuff like that over the walkie-talkies. And basically, they – they don't see – they creating the stuff now. He said that I know he knows what's going on, that this stuff is going on – he ain't doing anything to stop it, so I got him for negligence as well.

ECF No. 46-2, p. 57. Nothing in the undisputed record before this Court demonstrates any personal involvement by Clark in the use of pepper spray against Vaughn. In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element,

6

and, therefore, a plaintiff must demonstrate how each defendant was involved in the events and occurrences giving rise to the claims. *Rode*, 845 F.2d at 1207; *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (quotations omitted); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to ... §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Here, Vaughn has not produced any evidence showing Clark's involvement in the pepper spray incidents. Further, although Vaughn has alleged negligent supervision against Clark, mere negligence does not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 330–30 (1986). Thus, summary judgment will be entered in favor of Clark.

    C.    Vaughn's Failure to Exhaust Administrative Remedies: Defendants Boyd, Woods, Camron, McIntosh, Christopher, Arnold, Lance, Nortin, Herman, Snow, Richards, Makeney, and Severo.

The remaining Defendants argue they are entitled to summary judgment because Vaughn failed to exhaust his administrative remedies. *See* ECF No. 44, p. 7. They maintain that Vaughn only filed one grievance in connection to the pepper spray incidents and that grievance was rejected as untimely. *Id.*

An inmate must comply with all applicable grievance procedures and rules in order to exhaust administrative remedies. *Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004). The Prisoner Litigation Reform Act (PLRA) mandates not only technical exhaustion of the administrative remedies, but also substantial compliance with procedural requirements. *Id.* at 227-32; *see also Nyhuis v. Reno*, 204 F.3d 65, 77-78 (3d Cir. 2000). A procedural default by the inmate—through either late or improper filings—bars a prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim. *Spruill*, 372 F.3d at 227-32; *see also Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000). Whether an inmate has properly exhausted administrative remedies is a question of law that is to be determined by the Court, even if that determination requires the

resolution of disputed facts. *See Small v. Camden County*, 728 F.3d 265, 268 (3d Cir. 2013); *see also Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010).

The Department of Corrections ("DOC") has an Inmate Grievance System, set forth in DC-ADM 804, which permits any inmate to seek review of problems that may arise during the course of confinement. See 37 PA. CODE § 93.9(a); PA. DEP'T OF CORR., No. DC-ADM 804. After an attempt to resolve any problems informally, an inmate may submit a written grievance to the Facility's Grievance Coordinator for initial review. This must occur within fifteen (15) days after the events upon which the claims are based. Within fifteen days of an adverse decision by the Grievance Coordinator, an inmate may then appeal to the Facility Manager of the institution. Thereafter, within fifteen days of an adverse decision by the Facility Manager, an inmate may file a final appeal to the Secretary's Office of Inmate Grievances and Appeals. An appeal to final review cannot be completed unless an inmate complies with all established procedures. An inmate must exhaust all three levels of review and comply with all procedural requirements of the grievance review process in order to fully exhaust an issue. *See Booth v. Churner*, 206 F.3d 289, 293 n. 2 (3d Cir. 2000) (outlining Pennsylvania's grievance review process); *Ingram v. SCI Camp Hill*, 448 Fed. Appx 275, 279 (3d Cir. 2011) (same).

Here, on March 9, 2018, Vaughn filed grievance number 726332 concerning the purported abuse he received. ECF No. 46-1, p. 128. Vaughn wrote:

> On 1/14/18, I was assaulted by the guards during a cell extraction. The guard who was vidio (sic) taping cut the camera off durring (sic) the cell extraction and walked away. The extraction team came in when the camera was off and assaulted me. Then cuffed me to the restraint chair so tight that I lost feeling in the right side of my right hand. I also was put in a suicide cell with smock and I never said I was going to hurt myself. The camera was never to be cut off durring (sic) any cell extraction. The relief I'm looking for is to be compensated $250,000 for pain and suffering and crule (sic) and unusual punishment.

8

*Id.* Vaughn continues and relates the incident that occurred on February 9, 2018, identifying Defendants Arnold and Snow and their attempt to bribe Vaughn with food items.[2] *Id.* at 129. Here again, he claims he was assaulted by unnamed guards, placed in a restraint chair and improperly confined to a psychiatric observation cell (POC). *Id.*

Vaughn's grievance was rejected as untimely by the facility grievance coordinator untimely because it was filed more than fifteen days after the events in question. *Id.* at 130. Further, it does not appear from the record, nor does Vaughn contend, that he appealed the denial of his grievance through the DOC's administrative process. Brown has not pointed to any evidence that would excuse either his delay in filing or his failure to appeal. Thus, his claims against the Defendants are unexhausted and they are entitled to summary judgment.[3]

V.  Conclusion

No genuine issue of material fact remains for trial and Defendants are entitled to judgment as a matter of law. Accordingly, the Court will grant Defendants' motion for summary judgment (ECF No. 43). A separate order will follow.

Entered this 26th day of March, 2020.

_____
RICHARD A. LANZILLO
United States Magistrate Judge

---

[2] Vaughn's Amended Complaint identifies February 7, 2018 as the date these actions allegedly took place, but his Grievance lists February 9, 2018, as the relevant date. Having filed his grievance on March 9, 2018, it was lodged fifty-four days after the events of January 14, 2018, and thirty days after the events of February 9, 2018 (or thirty-two days after February 7, 2018). Thus, it was indeed untimely.

[3] Defendants raise alternative arguments for summary judgment on the merits of Vaughn's claims. *See* ECF No. 44, pp. 9-11. The Court need not address these arguments, however, because the PLRA made unexhausted claims unreviewable by the District Courts. *See Booth v. Churner*, 532 U.S. 731, 739 (2001).